# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JOSEPH DANNY PROPHET, | ) | 1:07cv1372 OWW DLB |
| | ) | |
| Plaintiff, | ) | FINDINGS AND RECOMMENDATION |
| | ) | REGARDING DISMISSAL OF ACTION |
| v. | ) | |
| ALLISON DUNHAM, et al., | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff Joseph Danny Prophet ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action. Plaintiff filed his complaint on September 19, 2007, and names Sacramento County Deputy District Attorney Allison Dunham and attorney John A. Lavra (collectively "Defendants") as Defendants. He alleges that Defendants submitted inadmissible evidence during his criminal trial.

## DISCUSSION

A.  Screening Standard

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C.

1

§ 1915A(b)(1),(2); 28 U.S.C. § 1915(e)(2).  If the Court determines that the complaint fails to state a claim, leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment.  Lopez v. Smith, 203 F.3d 1122 (9th Cir. 2000) (en banc).

B.     Failure to State a Claim

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief.  See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984), citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

C.     Plaintiff's Allegations

Plaintiff alleges that he was prosecuted by Defendant Dunham during a July 2002 criminal trial in Sacramento County.  He alleges that she submitted inadmissible evidence concerning a "disability" that was used against him and he was convicted.  Plaintiff contends that Defendant Dunham violated both federal and state rights.  Although he names his own attorney as a Defendant, Plaintiff does not state any facts involving Defendant Lavra.

Plaintiff seeks $30,000,000 in damages.

D.     Analysis

Plaintiff's claim fails for two reasons.  First and most importantly, this Court does not have federal jurisdiction over his claim.  Prosecutors are absolutely immune from civil suits for damages under section 1983 that challenge activities related to the initiation and presentation of criminal prosecutions.  Imbler v. Pachtman, 424 U.S. 409 (1976).  Because Plaintiff's allegations relate to Defendant Dunham's actions in performing functions intimately associated with the judicial phase of the criminal process, Plaintiff's claim must be dismissed on grounds of

prosecutorial immunity.  Id.; see Stevens v. Rifkin, 608 F.Supp. 710, 728 (N.D. Cal. 1984); 28 U.S.C. § 1915A(b)(2).

As to Defendant Lavra, Plaintiff's own attorney, he includes no allegations against him. The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  In order to state a claim for relief under section 1983, Plaintiff must link each named Defendant with some affirmative act or omission that demonstrates a violation of Plaintiff's federal rights.  Because Plaintiff has failed to link Defendant Lavra with some affirmative act or omission, his complaint must be dismissed.  While Plaintiff would normally get an opportunity to amend, doing so would be futile because the remaining deficiencies require dismissal without leave to amend.

Moreover, assuming that Plaintiff is attempting to allege an ineffective assistance of counsel claim, he cannot do so in an action pursuant to section 1983.  It is unclear whether Defendant Lavra was retained by Plaintiff as private counsel or whether he is a public defender. Under either circumstance, though, he would not be acting under color of state law.  If Defendant Lavra was retained as private counsel, private parties generally are not acting under color of state law.  Brentwood Academy v. Tennessee Secondary School Athletic Assoc., 531 U.S. 288, 295, 121 S.Ct. 924, 930 (2001); Single Moms, Inc. v. Montana Power Co., 331 F.3d 743, 746-47 (9th Cir. 2003); Sutton v. Providence St. Joseph Med. Ctr., 192 F.3d 826, 835 (9th Cir. 1999); Price

3

1 v. Hawaii, 939 F.2d 702, 707-08 (9th Cir. 1991).  If Defendant Lavra was a public defender
2 acting in his role as advocate, he was not acting under color of state law for section 1983
3 purposes.  See Georgia v. McCollum, 505 U.S. 42, 53 (1992); Miranda v. Clark County, Nevada,
4 319 F.3d 465, 468 (9th Cir. 2003).  Accordingly, Plaintiff fails to state a cognizable claim for
5 relief under section 1983 against Defendant Lavra.  To the extent Plaintiff alleges legal
6 malpractice, this is a state-law claim for which "there exists no independent basis of federal
7 jurisdiction."  See Aragon v. Federated Dept. Stores, Inc., 750 F.2d 1447, 1457-58 (9th Cir.1985)
8 (finding no jurisdiction over state law malpractice claim action against law firm for mishandling
9 of labor grievance).

10        Second, when a prisoner challenges the legality or duration of his custody, or raises a
11 constitutional challenge which could entitle him to an earlier release, his sole federal remedy is a
12 writ of habeas corpus.  Preiser v. Rodriguez, 411 U.S. 475 (1973); Young v. Kenny, 907 F.2d
13 874 (9th Cir. 1990), cert. denied 11 S.Ct. 1090 (1991).  Moreover, when seeking damages for an
14 allegedly unconstitutional conviction or imprisonment, "a § 1983 plaintiff must prove that the
15 conviction or sentence has been reversed on direct appeal, expunged by executive order, declared
16 invalid by a state tribunal authorized to make such determination, or called into question by a
17 federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254."  Heck v. Humphrey, 512
18 U.S. 477, 487-88 (1994).  "A claim for damages bearing that relationship to a conviction or
19 sentence that has not been so invalidated is not cognizable under § 1983."  Id. at 488.

20         Dismissal of a pro se complaint for failure to state a claim is proper where it is obvious
21 that the plaintiff cannot prevail on the facts that he has alleged and that an opportunity to amend
22 would be futile.  See Lopez v. Smith, 203 F.3d 1122 (9th Cir. 2000) (en banc).  Based on the
23 facts alleged, Plaintiff cannot state a claim for section 1983 relief and it appears granting leave to
24 amend the complaint would be futile.  Accordingly, the Court recommends that the complaint be
25 dismissed without leave to amend for failure to state a claim.  Plaintiff may file a petition for writ
26 of habeas corpus if he so chooses.

27
28

**RECOMMENDATION**

These Findings and Recommendation are submitted to the Honorable Oliver W. Wanger pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within thirty days after being served with these Findings and Recommendation, Plaintiff may file written objections with the Court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:     **September 28, 2007**            /s/ **Dennis L. Beck**
                                       UNITED STATES MAGISTRATE JUDGE